IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM SCHALETZKE,                            Civil No. 07-279-HU

       Petitioner,                       FINDINGS AND RECOMMENDATION

  v.

JEAN HILL,

       Respondent.

       MARK B. WEINTRAUB
       Assistant Federal Public Defender
       151 West Seventh Avenue, Suite 510
       Eugene, OR  97401

            Attorney for Petitioner

       JOHN KROGER
       Attorney General
       JACQUELINE SADKER
       Assistant Attorney General
       Oregon Department of Justice
       1162 Court Street, NE
       Salem, OR  97301

            Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION -

Hubel, Magistrate Judge.

Petitioner, an inmate in custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. He challenges his convictions and sentencing for Manslaughter in the First Degree and Felon in Possession of a Firearm. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus (#1) should be denied and this proceeding dismissed.

## BACKGROUND

Petitioner was indicted for First Degree Murder (Count 1) and four counts of Felon in Possession of a Firearm in violation of Or. Rev. Stat. § 166.270 (Counts 2-5) following a domestic assault in which he choked, and then kicked and beat his wife to death. (#37, Resp. at 2.) Investigating officers discovered four guns in Petitioner's home, but Petitioner was not alleged to have used the firearms in the incident leading to his wife's death. (*Id.*)

On the morning of trial, Petitioner moved to dismiss his court-appointed attorney. After questioning Petitioner about his reasons for requesting a new attorney, the court denied the motion. (Ex. 104 at 5-36.) After jury selection and as his trial was about to begin, Petitioner accepted the State's offer that he plead guilty to a lesser included offense, Manslaughter (designated Count 6), and one count of Felon in Possession of a Firearm (Count 2) with Counts 3-5 dismissed. The stipulated sentence was to be ten

2 - FINDINGS AND RECOMMENDATION -

years under Measure 11 for Manslaughter and five years minimum for Felon in Possession of a Firearm, consecutive to Count 6 for a total mandatory sentence of fifteen years. (Ex. 105.)

During the plea proceeding there was confusion regarding the statutory basis for the five-year "firearm minimum" sentence on Count 2. (Ex. 105 at 2-4). Petitioner was charged with Felon in Possession of a Firearm under Or. Rev. Stat. § 166.270, which carries a 60-month maximum sentence. Under Or. Rev. Stat. § 161.610, a firearms enhancement for the use of a firearm during the commission of a felony, a 60-month minimum sentence applies. The prosecutor explained that under the plea,

> Petitioner would plead to the lesser included charge of Manslaughter in the First Degree . . . . That carries a Measure 11 sentence of a hundred twenty months prison. He will also plead to felon in possession of a firearm and that charge can have the firearms minimum attached to it, the firearms minimum of 161.610 which is a minimum sentence of sixty months in prison. He has agreed and it's part of the offer that that - - those times run consecutively so the total sentence will be a hundred and eighty months in prison.

(*Id.* at 2.) The court noted the firearm minimum was not mentioned in the plea agreement and suggested it should be added to Paragraphs 7 and 8. (*Id.*) Defense counsel responded, "What I have done, your Honor, in Paragraph 7 and 8 both, is simply say firearm minimum five years, firearm minimum applies. I had [Petitioner] initial the change which was made after he signed it initially." (*Id.* at 3.) Sentencing was set over at counsel's request.

At sentencing, Petitioner alleged the signed plea agreement

3 - FINDINGS AND RECOMMENDATION -

was illegal because the minimum sentence under § 161.610 was not proper for his conviction under § 166.270. (Ex. 106 at 17-18.) The court noted Petitioner had already entered his plea and the following exchange ensued:

> Court: I don't want to hear an argument from the defense that you have second thoughts about when you should have entered into this plea bargain.
>
> Counsel: I don't have second thoughts about entering into the plea bargain, I have some questions which [Petitioner} has raised to me a number of times whether a firearm minimum is proper.
>
> Court: Well, how do you intend to deal with that now, [prosecutor]. Apparently we have a --
>
> Counsel: I think [Petitioner] intends to raise it in postconviction relief.
>
> Court: Well, we're not going to enter a judgment in this case with an understanding that there has been a stipulation on a plea bargain that your own client now is apparently back peddling on and if that's the case I won't enter a judgment and we'll go back and set the matter for trial.
>
> Counsel: Well, your move.
>
> Petitioner: Yeah, set it --
>
> Counsel: Huh?
>
> Petitioner: Set it for trial.
>
> Counsel: May we have a moment?
>
> Court: All right, we will take about a five minute recess.

(Ex. 106 at 16-18.)

After consultation with counsel, Petitioner agreed to proceed with the plea agreement and confirmed for the court that he wanted

4 - FINDINGS AND RECOMMENDATION -

to adhere to the agreement entered into with the state. (*Id*. at 18.) Accordingly, the court sentenced Petitioner to the stipulated sentence: 10 years for Manslaughter and 5 years for Felon in Possession of a firearm, for a 15-year term of imprisonment, followed by 36 months post-prison supervision. The March 6, 2001 judgment read in part: "Parties stipulated to the enhanced penalty under ORS 161.610(4)(a) on count 2." (Ex. 101.) On March 16, 2001, the court issued an order clarifying the judgment:

> In lieu of the language "the parties stipulated to the enhanced penalty under ORS 161.610(4)(a) on Count 2," the following language is substituted:
>
> The parties stipulated to the imposition of a five (5) year (firearm) minimum sentence on Count 2.
>
> All other provisions of said judgment shall remain in full force and effect.

(Ex. 123.)

Petitioner appealed his conviction, but voluntarily dismissed the appeal. (Ex. 107.) He then filed for post-conviction relief (PCR) alleging numerous instances of ineffective assistance of counsel, including that counsel was deficient

> in facilitating Petitioner's plea agreement and stipulation to a five-year mandatory minimum sentence for Felon in Possession of a Firearm. [In the alternative], trial counsel was ineffective in informing Petitioner that he would be able to have his conviction overturned in a [PCR] proceeding in light of his sentence being based on an inapplicable statute. Because of Trial Counsel's representation, Petitioner entered into the plea agreement unknowingly. But for the actions of Trial counsel, Petitioner would not have entered into the plea agreement.

5 - FINDINGS AND RECOMMENDATION -

(Ex. 107 at 2-3.) In an amended petition, Petitioner added a claim alleging the trial court lacked jurisdiction to impose the five year minimum sentence on Count 2. (Ex. 130 at 2-3.)

The PCR court denied Petitioner relief. (Ex. 130 at 31; Ex. 131.) Petitioner appealed, arguing the PCR court erred in denying relief because the trial court lacked jurisdiction to impose a 5-year minimum sentence on Count 2 and trial counsel was "inadequate and ineffective for negotiating an illegal disposition and for failing to object to the illegal sentence." (Ex. 132 at 2.) The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. (Ex. 135; Ex. 136.)

Petitioner filed the instant petition raising numerous claims. In the memorandum in support, Petitioner advances a single issue: "whether this Court should order the State of Oregon to issue an amended judgment that correctly reflects the actual charges to which [Petitioner] pleaded guilty and the sentence that court actually imposed." (#32, Mem. at 1.) He contends he is in custody on the wrong charge and his sentence is not being properly calculated due to errors by his attorney and the trial court. (*Id*. at 2.) Respondent argues the state court adjudication of the issue Petitioner advances in his memorandum is entitled to deference, and raises the defense of procedural default as to Petitioner's other claims.

6 - FINDINGS AND RECOMMENDATION -

**DISCUSSION**

**I.   STANDARDS**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In construing this provision the Supreme Court stated: "[I]t seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389. The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). The decision of the state PCR trial court is the basis for

7 - FINDINGS AND RECOMMENDATION -

review in the instant proceeding.

(1) <u>Contrary to, or unreasonable application of clearly established Federal law</u>

"'Clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Circuit court law may be used as guidance in determining whether a state court decision is an unreasonable application of the law, but not for purposes of determining what the law is. *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 126 S.Ct. 484 (2005).

A state court decision is "contrary to" clearly established Federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the [Supreme] Court and nevertheless arrives at a result different from [the Supreme Court] precedent." *Lockyer*, 538 U.S. at 73 (internal quotations omitted).

A state court decision is an "unreasonable application" of clearly established Supreme Court law when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert*, 393 F.3d at 974 (citing *Williams*.) The state court's application of law must be *objectively unreasonable*. *Id.* (emphasis added). "Under § 2254(d)'s 'unreasonable application' clause, a

8 - FINDINGS AND RECOMMENDATION -

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002), rehearing denied, 537 U.S. 1149 (2003) (internal citations omitted). "[I]t is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an *objectively unreasonable manner*." *Id*. (emphasis added).

    (2)  <u>Law governing claims of ineffective assistance counsel</u>

Generally, *Strickland v. Washington*, 466 U.S. 668 (1987), governs claims of ineffective assistance of counsel. For relief to be granted under *Strickland*, a petitioner must prove 1) that counsel's performance fell below an objective standard of reasonableness and, 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland*, 466 U.S. 687-88. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id*. at 690, 693. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in

light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) ("[U]nder the rule of contemporary assessment, an attorney's actions must be examined according to what was known and reasonable at the time the attorney made his choices.").

*Hill v. Lockhart*, 474 U.S. 52 (1985), established that the principles articulated in *Strickland* apply in the context of a guilty plea, but that to prevail a Petitioner has the burden of showing counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *Id.* at 56 (citing *McMann v. Richardson*, 397 U.S. 759 (1970)), and that there was a "reasonable probability" that "but for" counsel's deficient representation he would not have pleaded guilty. *Id.* at 59.

## II. GROUNDS NOT ADVANCED IN MEMORANDUM

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." I have reviewed the record and find Petitioner is not entitled to relief on the claims not advanced in his memorandum.

On habeas review, Petitioner must show that the state court determination of his claims was contrary to or an unreasonable

10 - FINDINGS AND RECOMMENDATION -

application of established Supreme Court precedent. 28 U.S.C. § 2254(d). By not addressing claims in his memorandum, Petitioner has failed to meet the burden of proof for habeas relief under § 2254(d). Accordingly, relief on the claims Petitioner did not advance in his memorandum must be denied.

### III. THE MERITS

The claim Petitioner advances in his memorandum alleges counsel was deficient in allowing Petitioner to be sentenced to a five-year minimum on the Felon in Possession conviction. Petitioner contends the PCR court decision denying relief is contrary to and an unreasonable application of *Strickland*, and he seeks relief in the form of an order to the state court to issue an amended judgment reflecting Petitioner's conviction under Or. Rev. Stat. § 166.270.  (#32, Mem. at 10.)

To prevail in the PCR proceedings Petitioner had to show the PCR court that trial counsel's performance was deficient when he allowed Petitioner to plead to Felon in Possession of a Firearm with a stipulated five year minimum sentence, and that, but for counsel's deficient performance, he would have rejected the plea agreement and gone to trial. Upon review of the record, I conclude Petitioner failed to make the necessary showing and it was neither contrary to nor an unreasonable application of *Strickland* for the PCR court to deny relief.

In his PCR deposition, Petitioner acknowledged wanting to

11 - FINDINGS AND RECOMMENDATION -

avoid the possible 25 year sentence for Murder and that he understood the plea agreement specified 15 years imprisonment, but he contended he accepted the firearm minimum only because counsel told him he could get it overturned in PCR proceedings. (Ex. 126 at 8-13.)  In his affidavit to the PCR court, Trial counsel strongly denied advising Petitioner he could have the firearm minimum overturned in PCR proceedings. (Ex. 127 at 3.)  PCR counsel acknowledged the parties could stipulate to a 60-month sentence for Felon in Possession of a Firearm, but he argued they had improperly relied on Or. Rev. Stat. § 161.610. (*Id.* at 24-26.)

The PCR court's Findings at the conclusion of the PCR proceeding included: (1) it was clear the parties stipulated to a 180-month sentence; (2) Petitioner was indicted on four counts of Felon in Possession of a Firearm; (3) the trial court had jurisdiction to sentence Petitioner on Count 2, Felon in Possession of a Firearm; (4) the trial court could impose a five year sentence on Count 2; (5) the sentence was "wrongly put down as a -- as a minimum under Or. Rev. Stat. § 161.610(4)(a), but then it was corrected . . . . The parties stipulated to the imposition of a 5 year firearm minimum sentence on Count 2.'" (Ex. 130 at 30-31.) At PCR counsel's request, the PCR court clarified that it made a finding that the language in the stipulation of a 5 year firearm minimum sentence did not indicate Or. Rev. Stat. § 161.610(4(a), but rather Or. Rev. Stat. § 166.270, Felon in Possession of a

12 - FINDINGS AND RECOMMENDATION -

Firearm.  (*Id*. at 31.)  The PCR court also found Petitioner's assertion that trial counsel told him he could get the firearm plea reversed on post-conviction not credible.  (*Id*.)

The PCR court findings are presumed to be correct absent Petitioner presenting clear and convincing evidence to the contrary.  28 U.S.C. 2254(e)(1).  Petitioner has not met this burden, and the record supports the PCR court's findings.

The transcript of pre-trial motions reveals Petitioner assumed there would be a negotiated plea.  (Ex. 104 at 9-11, 33.) The plea transcript clearly reveals the state offered Petitioner a fifteen year sentence, comprised of ten years mandatory minimum for Manslaughter and a five year minimum for Felon in Possession of a Firearm, and that Petitioner initialed the plea agreement where the firearm minimum was specified.  (Ex. 105 at 2-4.)  The sentencing transcript reveals the court gave Petitioner the opportunity to withdraw his plea and go to trial on the original charges when Petitioner argued the five-year minimum was not proper.  (Ex. 110 at 3.)  Petitioner, however, ultimately accepted the plea agreement with the stipulated 15-year minimum sentence to avoid facing a much longer sentence.  (*Id*.)  The judgment reflects Petitioner's convictions on the lesser included offense, Manslaughter in the First Degree, and Felon in Possession of a Firearm, and while the judgement erroneously refers to Or. Rev. Stat. § 161.610(4)(a), an order was issued ten days later to correct the error.  (Ex. 123.)

13 - FINDINGS AND RECOMMENDATION -

Petitioner failed to show counsel's advice was not within the range of competence demanded of attorneys in criminal cases and that, but for counsel's advice, he would not have pleaded guilty. Accordingly, it was neither contrary to, nor an unreasonable application of *Strickland* for the PCR court to deny relief.  I also note the trial court issued an order ten days after its judgment to correct the erroneous reference to Or. Rev. Stat. § 161.610(4(a) pertaining to sentencing on Count 2.

## CONCLUSION

For the reasons stated above, the Amended Petition for Writ of Habeas Corpus (#1) should be denied and this proceeding dismissed.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a United States District Judge.  Objections, if any, are due August 21, 2009.  If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due September 4, 2009.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __6th__ day of August, 2009.

/s/ Dennis J. Hubel

Dennis J. Hubel
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION -